Battle, J.
 

 ¥e do not find any such contradiction between the allegations in the original and amended bill, as is insisted on by the counsel for the defendant. There are, indeed, some omissions in the original which are supplied by the statements in the amended bill; for instance, in the original bill the slaves in which the plaintiff sets up an interest under his father’s will, are spoken of as a “family of negroes,” while in the amended bill, he gives, as an extract from the will, the clause in which the negroes are named. In the original, neither the death of his father, nor of the defendant’s testator, leaving wills which were duly admitted to probate, nor the qualification of the defendant as administrator
 
 cum testamento annaxo
 
 of Samuel Collett, are distinctly and positively averred ; but in the amended bill these omissions are supplied. The case of
 
 Milton
 
 v. Hogue, 4 Ire. Eq. 415, referred to by the counsel, does not, therefore, stand in the way of the plaintiff’s claim to relief, if he be otherwise entitled to it.
 

 The ground upon which the plaintiff bases his title to relief in Equity, is admitted. See
 
 Crawley
 
 v.
 
 Timberlake,
 
 1 Ire. Eq. Rep. 346. The only difficulties which he has to encounter
 
 *83
 
 are tlie proofs and the statute of limitations. The defendant cannot resist the force of the proofs that his intestate took a bill of sale for the plaintiff’s interest in the slaves in question, in which there was inserted an acquittance for the purchase-money, though it was not then all paid. The main reliance for defeating the recovery is the statute of limitations; this, the plaintiff admits, would bar him, but for distinct acknowl-edgements of the debt, and promises to pay it, made by the testator within less than three years before the bill was filed. Upon this part of the case, too, the proofs are clear and conclusive. The testator died in the month of April, 1849, and the bill was filed in 1851. While on his death-bed, and only a few days before his death, the testator admitted to his brother John that he still owed the plaintiff for the negroes, and said that John knew how much it was. John says, in his deposition, that he did not know how much the debt then was, but that, in 1841, when the parties attempted to settle, it was $250. The day before he died he told his sister, Mrs. Leach, that he owed the plaintiff abalance of $80 on the same debt, with some interest, which would make it amount to about $100 ; and that he wanted it paid. Here, then, is a distinct acknowledgement of a certain debt, if not a positive promise to pay it. This is clearly sufficient, according to all the authorities, to remove the bar of the statute; the court of equity, in this respect, following the rule in the courts of law. There is some other testimony of acknowledgements made at other times, which tend to corroborate the statements of the witnesses to whom we have particularly referred. We have not overlooked the testimony introduced for the defendant-, It shows that- the plaintiff, at different times, and to different persons, admitted that his brother, the testator, owed him nothing, while at other times, to one or more of the same witnesses, he insisted that his brother was justly indebted to him for the slaves. From the circumstances under which the admissions were made, it is manifest, either that the plaintiff was not serious in making them, or that he did it to avoid the payment of his taxes, or some other just claim about to
 
 *84
 
 be made upon him.
 
 We
 
 cannot, therefore, give to them the effect of disproving the testimony of the solemn declarations made by the defendant’s testator on his death-bed. Our conclusion is, that the plaintiff is entitled to a decree for $80, with interest thereon from the year 1841. As assets in the hands of the defendant have neither been alleged in the bill nor stated in the answer, there must be a reference, if the parties desire it, to ascertain whether any, and if any, what amount, is in the hands of the defendant, liable to the plaintiff’s recovery.
 

 Pee CueiaM. Decree accordingly.